UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BRIAN CLAY COOK,

        Petitioner,

v.

JAMES DZURENDA, et al.,

        Respondents.

Case No. 3:19-cv-00081-MMD-CBC

ORDER

This habeas matter under 28 U.S.C. § 2254 by petitioner Brian Clay Cook comes before the Court on his application to proceed *in forma pauperis* (ECF No. 1), and motion for appointment of counsel (ECF No. 2).

I. **BACKGROUND**

Cook challenges his conviction in Nevada state court, pursuant to a jury verdict, of three counts of sexual assault with a minor under the age of fourteen, two counts of sexual assault of a minor under the age of sixteen, two counts of sexual assault, and one count of battery with the intent to commit sexual assault. He is sentenced—with all sentences being imposed concurrently—to five life sentences with the possibility of parole after twenty years, two life sentences with the possibility of parole after ten years, and one life sentence with the possibility of parole after two years, along with a registration requirement and special sentence of lifetime supervision as a sex offender.[1]

The judgment of conviction was filed in Case No. C-11-274059 in the state district court on or about January 14, 2014, and Cook timely appealed.

---

[1] In addition to the papers on file and materials available via online legal research, the Court takes judicial notice of the online docket records of the state district court and state appellate courts. *See, e.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).

On October 14, 2016, the Supreme Court of Nevada affirmed the conviction on direct appeal, in Case No. 64744 in that court. The state supreme court thereafter denied petitions for rehearing and *en banc* rehearing, with the last denial order being entered on February 24, 2017. Pursuant to United States Supreme Court Rule 13.3, the time for Cook to file a petition for *certiorari* thereafter would appear to have expired on or about May 25, 2017.

Meanwhile, on or about April 3, 2017, Cook sought relief in proper person in the state district court. The state district court granted a request for the appointment of counsel on April 24, 2017. This Court defers a more specific description of what transpired in the state courts during and following this interval until after the filing of state court record exhibits. The specifics potentially pertain to the timeliness of both the state and federal petitions.

Ultimately, on January 9, 2019, in proceedings under Case No. A-18-780893-W, the state district court held that a state petition filed by appointed counsel was untimely. The minutes reflect statements by the court, *inter alia*, that: (a) the court "fully expects this time bar will be challenged" although the court concluded that "it would be an error . . . not to apply the time bar in this case;" and (b) if "the matter was not time barred there are at least two factors that would warrant the Court granting the petition." On the state time-bar issue, the court indicated that application of the time bar was required "given . . . when the appointment occurred, given the amount of time that went by that something could have been filed; and given counsel could have had discussions about more time."

Cook's appeal from the dismissal of the state petition as untimely was docketed on February 4, 2019, in Case No. 78040 in the state appellate courts, with briefing of course yet to be completed in that matter.

Also on or about February 4, 2019, Cook mailed the federal petition in this matter to the Clerk of this Court for filing, which he styles as a protective petition.

///

///

2

## II. DISCUSSION

### A. Pauper Application

Cook's pauper application is not properly completed.

Under Local Rule LSR 1-2, an inmate must attach with his pauper application both: (a) a financial certificate executed by an authorized institutional officer, and (b) a statement of the inmate's account for the prior six months.

Cook attached neither.

Cook included a financial certificate form page with his application, but it is not executed by an authorized institutional officer. Handwritten notations on the form suggest that Cook has $.02 in his inmate account and $25.00 both as an average monthly balance and in average monthly deposits. The Court cannot rely upon these notations as authentic indicia of his account information, however, because an authorized institutional officer did not sign the form. Cook further must attach a statement of his inmate account for the prior six months.

The Court therefore will deny the pauper application without prejudice. As discussed further below, the Court will provisionally grant Cook's motion for appointment of counsel based upon a working assumption that Cook both will properly commence this action and will be able to establish his financial eligibility for appointment of counsel. That provisional grant notwithstanding, Cook nonetheless: (a) has not yet properly commenced this action by either paying the $5.00 filing fee or filing a proper pauper application, and (b) has not yet established his financial eligibility for the appointment of counsel. If Cook fails to do so within the time allowed by the Court, the action both will be dismissed and the provisional appointment of counsel will be vacated.

### B. Appointment of Counsel

Subject to Cook properly commencing this action and establishing financial eligibility, the Court finds that the appointment of counsel otherwise is in the interests of justice, taking into account, *inter alia*: (a) the substantial sentence structure, which includes a life "tail" after a minimum twenty years served along with lifetime supervision

and registration as a sex offender, on sentences commencing on or about October 1, 2013, for the currently 51 year old petitioner; (b) the potential complexity in particular of the likely procedural issues in this case, following upon the state district court's finding that the state petition was untimely, the application of state procedural bars, the potential for argument under *Martinez v. Ryan*, 566 U.S. 1 (2012), and the potential for equitable tolling issues vis-à-vis the federal limitation period; (c) the potential that at least debatable claims may be presented with respect to both the merits and merits-related arguments seeking to overcome potential procedural bars; and (d) the potential need for Cook to promptly present and seek to preserve claims so as to cabin the possible temporal extent to which he must rely upon equitable tolling arguments to overcome the possible untimeliness of his claims.

The motion for appointment of counsel therefore will be provisionally granted, again subject to Cook properly commencing the action and establishing financial eligibility for appointment.

### III. CONCLUSION

It is therefore ordered that, subject to the remaining provisions herein, the Clerk of Court will file the petition.[2]

It is further ordered that the application to proceed *in forma pauperis* (ECF No. 1) is denied without prejudice. Petitioner will have 30 days from entry of this order within which to either submit a properly completed pauper application, with all required financial attachments, or have the $5.00 filing fee sent to the Clerk. If petitioner does not timely do so, the action will be dismissed.[3]

---

[2] The filing does not signify that the petition is free of deficiencies. *Inter alia*, Cook must name his immediate physical custodian, not the corrections department director, as a respondent. Counsel should name the proper respondent in any amended petition he files.

[3] It perhaps may be more practical for Cook to obtain the necessary financial attachments and submit a new pauper application, or pay the filing fee, in proper person rather than through the intermediation of newly provisionally appointed counsel. In all

4

It is further ordered that the motion for appointment of counsel (ECF No. 2) is provisionally granted, subject to Petitioner confirming his financial eligibility for the appointment of counsel via a properly completed pauper application, with all required financial attachments, submitted within 30 days of entry of this order. Upon the appointment being confirmed following a demonstration of financial eligibility, the counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

It further is ordered that the Federal Public Defender will be provisionally appointed as counsel and will have 30 days to undertake direct representation of petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings. If the Federal Public Defender is unable to represent petitioner, the Court then will appoint alternate counsel, subject again to confirmation of financial eligibility. A deadline for the filing of an amended petition and/or seeking other relief, such as a motion to stay, will be set after counsel has entered an appearance. The Court anticipates setting the deadline for approximately 120 days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It further is ordered, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk will add state attorney general Aaron Ford as counsel for respondents and will make informal electronic service of this order upon respondents by directing a notice of electronic filing to him. Respondents' counsel will

---

events, this order directs only the time within which Cook needs to comply, not whether he must do so specifically in proper person or instead through counsel.

enter a notice of appearance within 21 days of entry of this order, but no further response will be required from respondents until further order of the Court.

The Clerk further will send a copy of this order to the Federal Public Defender and the CJA Coordinator for this division.

The Clerk additionally will provide copies of all prior filings herein to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

Finally, the Clerk will provide Petitioner in proper person two hard copies of this order, two copies of a pauper application for an inmate, and one copy of the instructions for the pauper form. If Petitioner pays the filing fee rather than submitting a new pauper application, Petitioner will make the necessary arrangements to have a copy of this order attached to the check for the filing fee.

DATED THIS 25th Day of February 2019.

---

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE