UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRIAN CLAY COOK,<br><br>                    Petitioner,<br>    v.<br>RENEE BAKER, *et al.*,<br><br>                    Respondents. | Case No. 3:19-cv-00081-MMD-CLB<br><br>ORDER |

This is a stayed habeas corpus action filed under 28 U.S.C. § 2254. Petitioner has filed a motion to reopen, and he also asks the Court for leave and time to file a third amended petition. (ECF No. 46.) Respondents do not oppose the motion. (ECF No. 47.) Good cause appearing, the Court grants Petitioner's motion.

It is therefore ordered that Petitioner's motion to reopen (ECF No. 46) is granted. The Clerk of Court is directed to reopen this action, and to lift the stay.

It is further ordered that Petitioner will have 90 days from the date of entry of this order to file a third amended petition.

It is further ordered that Respondents must file a response to the third amended petition, including potentially by motion to dismiss, within 60 days of service of the third amended petition and that petitioner may file a reply within 30 days of service of an answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by Local Rule LR 7-2(b).

It is further ordered that any procedural defenses raised by Respondents to the third amended petition must be raised together, in a single, consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised therein either in serial fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to

potential waiver. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss, not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the Court.

DATED THIS 9th Day of October 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE